<u>NOT FOR PUBLICATION</u>                                                      (Document No. 12)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| CHRISTOPHER D. BRADSHAW, | : | |
| | : | Civil No. 12-1367 (RBK/KMW) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| | : | |
| AMERICAN INSTITUTE FOR HISTORY EDUCATION, and KEVIN T. BRADY, | : | |
| Defendants | : | |

**KUGLER**, United States District Judge:

  This matter arises out of Plaintiff Christopher Bradshaw's ("Plaintiff") claims against the American Institute for History Education and Kevin T. Brady (collectively, "Defendants") for copyright infringement, breach of contract, and wrongful termination. Currently before the Court is Defendants' motion to dismiss all of Plaintiff's causes of action for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the Court will grant in part and deny in part Defendants' motion. It will grant the motion with respect to Plaintiff's claim for wrongful termination. It will deny the motion to dismiss Plaintiff's copyright infringement claim against the American Institute for History Education. Finally, the Court will grant the motion to dismiss all claims against Kevin Brady.

I.     **FACTUAL BACKGROUND**[1]

In October 2006, Plaintiff approached Defendant Brady, President of co-Defendant organization the American Institute for History Education ("AIHE"), with a proposal to create an interactive social studies website the AIHE could develop and market to various school districts. Amended Compl. ¶ 3.  Plaintiff based the proposal in part on a website called "Cool History" which he had created earlier that year. *Id.*  The parties came to an initial agreement to move forward with the project, and Plaintiff delivered a prototype of the website to Defendant. *Id.*

In the months thereafter, Plaintiff attempted to negotiate the terms of his employment with AIHE.  These efforts, however, were ultimately to no avail, and the parties ended their professional relationship on antagonistic terms. *See id.* at ¶ 6.  Consequently, Plaintiff did not give Defendants permission to use the Cool History website or any other of his original material in AIHE's educational products. *See id.* at ¶¶ 6-7.

In March 2010, Plaintiff received Certificates of Registration from the United States Copyright Office for the contents of his Cool History website and for another work called "Cicero." *Id.* at Exhs. A, B.  He served Defendants with notice of these registrations, and provided them with a correlation chart showing the similarities between his registered works and the education products that Defendants had since licensed to various school districts, including one called "Cicero: History Beyond the Textbook." *Id.* at ¶¶ 8-9.

Finally, in March 2012, Plaintiff filed suit in this Court against Defendants.  His Amended Complaint includes three claims for relief: one for copyright infringement ("First Claim"), another for breach of contract arising out of his employment negotiations with Defendants ("Second Claim"), and a third for wrongful termination in violation of the New

---

[1] When considering the sufficiency of the factual allegations in a plaintiff's complaint for purposes of deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court assumes such allegations to be true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

Jersey Conscientious Employee Protection Act ("Third Claim"). (Doc. No. 11).[2] Defendants filed the instant motion in July 2012 to dismiss the First and Third Claims of the Amended Complaint, as well as all claims against Defendant Brady in his personal capacity. (Doc. No. 12).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. Where, as here, a complaining party comes to this Court *pro se*, the Court must construe the complaint liberally in that plaintiff's favor. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir.1997). A complaint will then survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680).[3] Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then

---

[2] The Court exercises federal question jurisdiction over Plaintiff's copyright infringement claim, and supplemental jurisdiction over his two state law claims. *See* 28 U.S.C. § 1331, 1338; 28 U.S.C. § 1367(a)
[3] Even under the liberal pleading standards afforded a *pro se* plaintiff, the Court need not credit an unrepresented party's "bald assertions" or "legal conclusions." *Haines,* 404 U.S. at 520-21; *Day,* 969 F.2d at 42.

determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  A complaint cannot survive a motion to dismiss where a court can infer only that a claim is possible rather than plausible.  *Id.*

### III.   DISCUSSION AND ANALYSIS

Defendants' motion to dismiss Plaintiff's Amended Complaint presents three distinct issues.  First, Defendants argue the First Claim for copyright infringement fails to state a plausible claim for relief.  Second, the Third Claim for wrongful termination must be dismissed because it is time-barred.  Finally, Defendants assert that Plaintiff has failed to allege facts sufficient to state any causes of action against Defendant Brady in his personal capacity.  The Court will consider these arguments in turn.

#### A.   Copyright Infringement

The Amended Complaint's First Claim alleges that Defendants infringed upon Plaintiff's copyright by taking his protected intellectual property and incorporating it into their web-based teaching product known as "Cicero: History Beyond the Textbook."  *See* Amended Compl. ¶¶ 9-11.  In order to assess the sufficiency of Plaintiff's allegations in support of this claim, the Court's first step is to consider the elements of a prima facie case for copyright infringement.  *See Santiago*, 629 F.3d at 130.

The cause of action for copyright infringement in this Circuit involves two "essential elements: ownership of copyright, and copying by the defendant." *Dam Things from Denmark, a/k/a Troll Company ApS v. Russ Berrie & Company, Inc.*, 290 F.3d 548, 561 (3d Cir. 2002) (citing *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1231 (3d Cir. 1986)).

With regard to the first element, a certificate of registration with the copyright office constitutes "prima facie evidence of the validity of the copyright and of the facts stated in the certificate," including those pertaining to ownership. *See Granger v. Acme Abstract Co.*, --- F. Supp. 2d ---, No. 09-2119, 2012 WL 4506674 at *2 (D.N.J. Sept. 27, 2012) (quoting 17 U.S.C. § 410(c)). For the second element, to establish copying by the defendant, a claimant must allege that not only did the defendant have access to the copyrighted work, but that that the two works bear substantial similarities to each other. *Dam Things*, 209 F.3d at 561.

   As Defendants have emphasized in their brief, however, one district court in the Third Circuit has found these two elements, despite their broad formulation, nonetheless to entail certain specific pleading requirements that a plaintiff must allege in order to survive a motion to dismiss. Def.'s Br. in Support of Mot. to Dismiss 6 (citing *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979), *aff'd*, 612 F.2d 572 (3d Cir. 1979). Under this standard, a properly pled copyright infringement claim includes allegations describing "which specific original work is the subject of the copyright claim, that plaintiff owns the copyright, that the work in question has been registered in compliance with the statute and by what acts and during what time defendant has infringed the copyright"). *Gee*, 471 F. Supp. at 643 (citing 2a Moore's Federal Practice and Procedure 8.17(7) at 1767 (2d ed. 1978)).

   Indeed, recent decisions from this circuit have embraced *Gee*'s more detailed pleading standard. *See Nourison Indus., Inc. v. Virtual Studios, Inc.*, No. 09-5746, 2010 WL 2483422 at *3 (D.N.J. June 3, 2010) (describing the claim for copyright infringement as having four elements: "(1) the specific original works are the subject of the copyright claim; (2) ownership over the copyrighted works; (3) registration of the copyright in accordance with 17 U.S.C. § 411(a); and (4) the infringing acts") (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y.

5

1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994); *Hanover Arch. Serv., P.A. v. Christian Testimony-Morris, N.P.*, No. 10-5455, 2011 WL 6002045 at *5 (D.N.J. Nov. 29, 2011) (citing *Gee*, 471 F. Supp. at 643); *Goodman v. Harry Fox Agency*, No. 03-1176, 2003 WL 25269381 at *9 (D.N.J. Dec. 30, 2003) (applying the *Gee* pleading standard to a *pro se* plaintiff's copyright infringement claim). This view finds further support in Form 19 of the Federal Rules of Civil Procedure, relied upon in part by the *Gee* court, which lays out a generic complaint for copyright infringement and includes paragraphs describing the certificate of copyright registration, the particular infringing acts by the defendant, and the plaintiff's having put the defendant on notice of the alleged infringement prior to filing suit. *See* Fed. R. Civ. P. Form 19.

In support of their motion to dismiss, Defendants argue that Plaintiff's pleadings fail to allege some of the elements required under *Gee* of a prima facie claim for copyright infringement. Specifically, they assert that Plaintiff has failed "adequately [to] identify (1) what he allegedly owns a copyright for, . . . and (2) what the Defendants have done to purportedly infringe on any identifiable portion of the work." Def.'s Br. in Support of Mot. to Dismiss 6.

In this case, even holding Plaintiff to the more stringent standard outlined in the *Gee* case[4] and found in Form 19 of the Federal Rules of Civil Procedure, the Court finds that he stated a plausible claim for copyright infringement. Plaintiff received certificates of copyright registration in his own name from the United States Copyright Office in March 2010 for two electronic works, one called "Cicero" and another called "Cool History PowerPoints." Amended

---

[4] It bears mention that the *Gee* pleading standard has not been embraced by any Third Circuit panel (other than the one that affirmed without opinion that court's disposition). Consequently, courts in this district have routinely allowed copyright infringement claims to proceed upon a plaintiff's allegations of the two essential elements of ownership and copying, without seeming to require more. *See, e.g.*, *Coach, Inc. v. Bags & Accessories*, No. 10-2555, 2011 WL 1882403 (D.N.J. May 17, 2011) (granting plaintiff's motion for default judgment on a copyright infringement claim because "both elements have been sufficiently asserted to state a cause of action for copyright infringement"); *Coach, Inc. v. Fashion Paradise, LLC*, 10-4888, 2012 WL 194092 (D.N.J. January 20, 2012) (same); *E.H. Yachts, LLC v. B&D Boatworks, Inc.*, No. 06-164, 2006 WL 3068560 at *3 (D.N.J. Oct. 27, 2006) (finding that the plaintiff adequately pled a prima facie case of copyright infringement by alleging the two essential elements, including the second element's subcomponents of access and substantial similarity).

Compl. Exhs. A, B.  The Cool History PowerPoints certificate in turn contains titles describing twenty different components of the work.  *Id.* at Exh. B.  Cool History PowerPoints is the basis of a website called Cool History, which Plaintiff created in 2006.  *See id.* at ¶ 3.  Taken together, these allegations are sufficient to satisfy the registration, specificity, and ownership elements of the *Gee* pleading standard.  *See Gee*, 471 F. Supp. at 643.

To satisfy the final element, the specific acts and time period during which Defendants allegedly infringed upon his copyright, Plaintiff alleges that Defendants knowingly used Plaintiff's protected material.  *Id.* at ¶ 8.  While this allegation, by itself, is the sort of bald assertion that the Court is not required to credit when judging the sufficiency of a claim for relief, Plaintiff has provided slightly more detail.  Specifically, the Complaint references a correlation chart which describes the similarities between the items used in Defendants' website "Cicero: History Beyond the Textbook" and Plaintiff's own copyrighted works.  *Id.* at ¶¶ 9, 11.  Plaintiff provided a copy of this correlation chart to Defendants.  *Id.*  Thus, Defendants are on notice as to the nature of their allegedly infringing acts.  While the Complaint ideally could have mentioned some of the details contained in this correlation chart in order to state with more specificity Defendants' allegedly infringing acts, the Court, drawing all inferences in favor of this *pro se* Plaintiff, finds that his allegations are just enough to satisfy the fourth element of the *Gee* standard.  Thus, because Plaintiff has stated a plausible claim for copyright infringement against Defendant AIHE, the Court will deny Defendant's motion to dismiss the First Claim of Plaintiff's Amended Complaint.

**B.     Wrongful Termination**

The Second Claim of Plaintiff's Amended Complaint alleges that he was wrongfully terminated from his employment with Defendants in violation of the Conscientious Employee

Protection Act ("CEPA"). N.J.S.A. § 34:19-1 *et seq.* Defendants respond that this claim is barred by CEPA's one year statute of limitations. Defs.'s Br. in Support of Mot. to Dismiss 7 (citing N.J.S.A. § 34:19-5); *accord Robles v. U.S. Envt'l Universal Servs., Inc.*, 469 Fed. App'x 104, 107 (3d Cir. 2012). In this case, the Complaint states that Plaintiff's employment relationship with Defendants ended no later than August 2009. Amended Compl. ¶ 7. He filed his first Complaint in this action in March 2012. (Doc. No. 1.) Thus, his CEPA claim is untimely, and therefore the Court will grant Defendants' motion to dismiss it.[5]

In the alternative, rather than relying on the CEPA statute, Plaintiff asks the Court to allow his wrongful termination claim to proceed as a common law cause of action. Specifically, Plaintiff relies on *Pierce v. Ortha Pharmaceutical Corp.*, 417 A.2d 505 (N.J. 1980). In *Pierce,*

---

[5] In his brief in opposition to the motion to dismiss, Plaintiff alleges that Defendants used stall and delay tactics while negotiating with Plaintiff about his separation from the company. Pl.'s Opp. Br. 2. The apparent implication is that Defendants acted in bad faith by appearing amenable to negotiation with Plaintiff while in fact they were simply waiting for the statute of limitations on his CEPA claim to expire in order to avoid liability for their allegedly wrongful conduct. Even if the Court were to credit this allegation, Plaintiff has provided no authority suggesting that the use of stall tactics by a defendant is grounds for tolling an otherwise explicit statute of limitations. The two general tolling doctrines to which Plaintiff might resort appear wholly inapplicable. First, the so-called "discovery rule" does not apply. This doctrine will delay the accrual of a cause of action "so long as a party reasonably is unaware either that he has been injured, or that the injury is due to the fault or neglect of an identifiable individual or entity." *Kendall v. Hoffman-La Roche, Inc.*, 36 A.3d 541, 551 (N.J. 2012) (citations omitted). In this case, nowhere does Plaintiff claim that he was not aware of the allegedly wrongful acts by Defendants that resulted in the termination of his employment with AIHE. *Accord Jones v. Jersey City Medical Ctr.*, 20 F. Supp. 2d 770, 772 (D.N.J. 1998) (describing the discovery rule and explaining its inapplicability to a CEPA claim in cases where the plaintiff fails to allege that "he did not become aware of the defendant's allegedly retaliatory conduct until after his dismissal"). On the contrary, the allegations in the Amended Complaint suggest that Plaintiff was keenly aware of the allegedly retaliatory conduct of Defendants at the time of his dismissal. Thus, the discovery rule cannot save Plaintiff's CEPA claim.

Alternatively, any resort to the equitable tolling doctrine is similarly unavailing. Equitable tolling of a statute of limitations typically applies when a plaintiff has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Villalobos v. Fava*, 775 A.2d 700, 707 (N.J. App. Div. 2001) (citation omitted). Here, Plaintiff arguably alleges trickery by Defendants in getting him to delay the filing of his CEPA claim. But this is not the sort of misconduct with which the equitable tolling doctrine concerns itself. Instead, the trickery or inducement must be directed at the circumstances that would give rise to the claim in the first place; that is, the goal of defendant's obfuscation or misrepresentation must be to prevent a plaintiff from learning that he or she even has a claim in the first place. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1390 (3d Cir. 1994) (explaining that the equitable tolling doctrine "keys on a plaintiff's cognizance . . . of the *facts supporting the plaintiff's cause of action*") (emphasis added). Here, while Defendants' alleged trickery may have been designed to delay the actual filing of his claim, Plaintiff presumably knew all along of the facts supporting CEPA claim in the first place. Thus, his proper course of action would have been to file his cause of action while his negotiations with Defendants were ongoing, thereby preserving it in case the parties were not able to reach an acceptable settlement.

the New Jersey Supreme Court recognized that an at-will employee "has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy." *Shakib v. Back Bay Restaurant Group, Inc.*, No. 10-4564, 2011 WL 4594654 at *8 (D.N.J. Sept. 30, 2011) (citation omitted). Accordingly, in order to state a prima facie *Pierce* claim, a plaintiff must identify the particular public policy implicated in the termination decision. The sources of public policy include "legislation; administrative rules, regulations or decisions; and judicial decisions." *Pierce*, 417 A.2d at 512.

In this case, the Court agrees with Defendants that Plaintiff has not pled that his termination was in violation of a clear mandate of public policy. Plaintiff appears to allege that he was fired from AIHE because he objected to Defendants' infringement upon his own copyrights. *See* Amended Compl. ¶ 17. The Court's research does not reveal a single instance in which any state or federal court has allowed a *Pierce* claim to proceed on the basis of a purported violation of the federal copyright statutes, and it sees no reason to hold otherwise in this instance. Thus, the Court will dismiss Plaintiff's CEPA wrongful termination claim as time-barred, and, noting that Plaintiff has failed to allege the elements of a prima facie *Pierce* claim, will decline to resurrect the cause of action on this common law basis.

### C.     Plaintiff's Claims against Defendant Kevin T. Brady

Finally, Defendants ask the Court to dismiss Plaintiff's claims directed at Defendant Brady in his individual capacity. As an initial matter, the Court does not read either the Second or Third Claims of Plaintiff's Amended Complaint to allege liability on the part of Defendant Brady. Plaintiff's Opposition Brief does not appear to argue otherwise. Thus, the Court considers only whether Plaintiff's First Claim for copyright infringement states a plausible claim for relief against Defendant Brady in his individual capacity. *See Iqbal*, 556 U.S. at 680.

As Defendants acknowledge in their moving papers, it is well settled that an individual who knowingly "causes or materially contributes to the infringing activity of another" may himself be held liable as a contributory infringer.[6] *Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154, 160 (3d Cir. 1984).  Consequently, "[a]n officer or director of a corporation who knowingly participates in the infringement can be held personally liable, jointly and severally, with the corporate defendant." *Id.*  It is therefore conceivable that Defendant Brady, as President of the Defendant corporation AIHE, could be individually liable for copyright infringement on this contributory basis.

Nevertheless, the Court agrees with Defendants that Plaintiff has not pled facts sufficient to establish a contributory infringement claim against Defendant Brady.  In his Amended Complaint, Plaintiff alleges simply that "Mr. Brady knowingly and willfully infringed upon Plaintiff's copyrights.  In addition, Mr. Brady was a moving, active conscious force behind the company's infringement."  Amended Compl. ¶ 10.  These are exactly the sort of purely conclusory allegations that the Court may ignore for purposes of deciding a motion to dismiss. *See Iqbal*, 556 U.S. at 680.  Simply stated, Plaintiff has alleged no *fact* describing exactly what Defendant Brady did to "cause or materially contribute" to the alleged infringement of Plaintiff's

---

[6] Defendants maintain that in addition to alleging knowing involvement in infringing activities, it is necessary to plead that the purported contributory infringer also received a commercial gain from the infringement.  Def.'s Reply Mem. in Support of Mot. to Dismiss 7 (citing *RCA/Ariola Int'l, Inc. v. Thomas Grayston, Co.*, 845 F.2d 773 (8th Cir. 1988).  Courts in this district have embraced such a requirement, although not uniformly.  *See, e.g.*, *Mortgage Market Guide, LLC v. Freedman Report, LLC*, No. 06-140, 2008 WL 2991570 at *36 (D.N.J. July 28, 2008); *but see Hanover Architectural Serv., P.A. v. Christina Testimony-Morris, N.P.*, at *10 (D.N.J. Nov. 29, 2011) (not requiring a showing of commercial gain by contributory infringer); *Star Pacific Corp. v. Star Atlantic Corp.*, No. 08-4957, 2011 WL 2413150 at*5 (D.N.J. June 10, 2011) (same).  In this case, the Court may infer that Defendant Brady, by virtue of his position as President of Defendant American Institute for History Education, stood to gain financially from the Institute's alleged infringement upon Plaintiff's copyright, given that copyrighted material was incorporated into one of a suite of a web-based education products that sell for $25,000 to $35,000 to subscribing school districts.  *See* Amended Compl. ¶ 9.  However, given the Court's principal finding that Plaintiff's Amended Complaint does not contain sufficient factual allegations describing how Defendant Brady personally contributed to the alleged infringement of Plaintiff's copyrighted material, it is not necessary at this time for the Court to determine whether allegations of commercial gain are a necessary element of a prima facie case for contributory infringement in this Circuit.

copyright. *See Redd Horne*, 749 F.2d at 160. Without more, Plaintiff's claim for contributory infringement against Defendant Brady must be dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Defendants' motion to dismiss the First and Third Claims of Plaintiffs' Amended Complaint. As to the First Claim for copyright infringement, the motion is denied with respect to Defendant AIHE, but is granted with respect to Defendant Kevin Brady.[7] The motion to dismiss Plaintiff's Third Claim for wrongful termination is granted. The Court will issue an appropriate order.


Dated: 3/13/2013 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[7] As stated above, to the extent the Second Claim of the Amended Complaint is directed at Defendant Brady, the Court will grant the motion to dismiss it as against him, but not against Defendant AIHE.

11